**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

FRED G. LABANKOFF,

    Plaintiff,

v.

POLLY KLAAS FOUNDATION, *et al.*,

    Defendants.

No. C 06-7804 SBA

**ORDER**

[Docket Nos. 5, 8, 14]

Before the Court are three motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Polly Klass Foundation, John Joseph Hogan, and National Charity Auto Auction have submitted a motion to dismiss [Docket No. 5]; as has defendant California Department of Motor Vehicles [Docket No. 8]; and defendants Randall Luderman and North Bay Towing [Docket No. 14]. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the three motions to dismiss are GRANTED.

## BACKGROUND

Between September 3, 2005, and October 1, 2005, plaintiff Fred G. Labankoff purchased four vehicles from National Charity Auto Auction for $2,504.00, which had had been donated to the Polly Klass Foundation. After the auction, Labankoff moved the vehicles to a parking lot at 3200 Dutton, Stempkin Business Park, where he had office space. Labankoff notified Stempkin Business Park that he would be keeping the vehicles at the lot on a temporary basis. Harold Kleiderman, the manager of Stempkin, had the four vehicles towed from the lot by mistake. Kleiderman paid the towing company, North Bay Towing, and instructed it to return the vehicles to the plaintiff.

When Labankoff attempted to reclaim the vehicles from North Bay Towing, it refused to release the vehicles until Labankoff produced "pink slips" proving his ownership. Labankoff attempted to demonstrate ownership with the bills of sale from the auction, but North Bay refused to accept them.

1   It also confiscated the bills of sale.  Labankoff contends that because North Bay did not send a required
2   Notice of Stored Vehicle, North Bay is obligated to restore the vehicles or their value to him.

3         The plaintiff maintains that National Charity Auto Auction, and its principals, John Joseph
4   Hogan and Edwardo Lopez, were unlicensed and unbonded to serve as auctioneers.  Labankoff argues
5   that the Polly Klaas Foundation had a duty to the public to ensure that the auctioneer was duly licensed
6   and bonded.  Labankoff also contends that because the Department of Motor Vehicles collects fees from
7   the auction company, the Department also had a duty to the general public to insure that it was licensed
8   and bonded.

9         Labankoff asserts that the California Department of Motor Vehicles has violated his right to
10   equal protection under the Fourteenth Amendment of the Constitution by failing to provide him with
11   pink slips.  Labankoff also contends that his right to equal protection under the Constitution was violated
12   because National Charity Auto Auction was not required to be licensed and bonded, as he had been
13   when he acted as an auctioneer.

14         According to Labankoff, "A rather simple constitution[al] equal protection question is the basis
15   of this case."  Docket No. 1 (Compl.).  "In so far as plaintiff see[s] it his civil rights to equal protection
16   under the law have been violated by both defendants [Polly Klaas Foundation], [National Charity Auto
17   Auction], LOGAN, LOPEZ as unbonded auctioneers, and [North Bay Towing] and LUBERMAN as
18   towing service that converted Plaintiff's property.  The California DMV though fully notified of the
19   problem did nothing thus aiding and abetting in violating plaintiffs right to equal protection under
20   California laws."  *Id.*

21         The defendants posit that Labankoff's complaint should be dismissed because it is clear that
22   there is no subject matter jurisdiction over his claims, and because his complaint fails to state a claim
23   for which relief may be granted.

### LEGAL STANDARDS

26   Under Rule 12(b)(6) a claim may be dismissed if a plaintiff fails to allege any set of facts in

28         2

support of the claim that would entitle him or her to relief. *Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007); *Hydrick v. Hunter*, 466 F.3d 676, 686 (9th Cir. 2006). When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *Kahle*, 474 F.3d at 667; *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007). However, conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Courts generally do not look outside the pleadings, including any attachments thereto, in deciding a motion to dismiss. *See United States v. LSL Biotechs.*, 379 F.3d 672, 699 (9th Cir. 2004). A document is not considered outside the complaint if it is "incorporated by reference," *i.e.*, the complaint specifically refers to the document and if its authenticity is not questioned. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997). If dismissal of the complaint is warranted, it is generally without prejudice, unless it is clear that the complaint can not be saved by any amendment. *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1335 (2006); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## ANALYSIS

### 1.   State Action

The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The equal protection clause of the Fourteenth Amendment applies only to states or those acting under state authority. *See United States v. Guest*, 383 U.S. 745, 755 (1966) ("It is a commonplace that rights under the Equal Protection Clause itself arise only where there has been involvement of the State or of one acting under the color of its authority"). Without state action there can be no equal protection violation.

*See United States v. Cruikshank*, 92 U.S. 542, 554-55 (1875) ("The fourteenth amendment prohibits a State from denying to any person within its jurisdiction the equal protection of the laws; but this provision does not . . . add any thing to the rights which one citizen has under the Constitution against another"). None of the defendants here are what the law refers to as a "state actor," except the California Department of Motor Vehicles. Labankoff's complaint against the Polly Klass Foundation, John Joseph Hogan, Edwardo Lopez, National Charity Auto Auction, Randall Luderman, and North Bay Towing must be dismissed for failing to state a claim for which relief may be granted.

**2.     Sovereign Immunity**

The only remaining defendant against whom Labankoff has an equal protection claim is the California Department of Motor Vehicles. Because of Eleventh Amendment sovereign immunity, this claim is also not one for which relief may be granted.

The Eleventh Amendment grants immunity to states from suits brought by private parties in federal court, absent a valid abrogation of that immunity or an express waiver by the state. *See State Bd. of Equalization v. Harleston*, 331 F.3d 699, 701 (9th Cir. 2003); *Yakama Indian Nation v. State of Washington Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999), *cert. denied*, 528 U.S. 1116 (2000) (Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity); *Clark v. State of California*, 123 F.3d 1267, 1269 (9th Cir. 1997) (a state is not subject to suit by its own citizens in federal court unless immunity is abrogated by Congress or waived by the state). This "sovereign immunity" bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. *See Franceschi v. Schwatz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam); *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). The Department of Motor Vehicles is an agency of the state of California. *See* CAL. VEH. CODE § 1501; CAL. GOV'T CODE § 11000(a). Absent waiver of sovereign immunity, the Department of Motor Vehicles is immune from suit in federal court by Labankoff.

The State of California has not waived its sovereign immunity here. The Ninth Circuit has held that the State of California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000). The Ninth Circuit has also recognized that the California Tort Claims Act does not waive immunity further than the California state courts. *BV Eng'g v. Univ. of California*, 858 F.2d 1394, 1396 (9th Cir. 1988), *cert. denied*, 489 U.S. 1090 (1989); *Riggle v. State of California*, 577 F.2d 579, 585-86 (9th Cir. 1978). Therefore, Labankoff's equal protection suit against the Department of Motor Vehicles must be dismissed.

## 3. Supplemental Jurisdiction

To the extent that there are any state law causes of action in Labankoff's complaint, this Court should decline exercising supplemental jurisdiction to consider them. Under 28 U.S.C. § 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." As the Court has dismissed Labankoff's equal protection claims, such is the case here. The Ninth Circuit has deemed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citation omitted).

## CONCLUSION

Accordingly, the three motions to dismiss [Docket Nos. 5, 8, 14] are GRANTED. It is further ORDERED that the Clerk of Court close the case file and any pending matters related to it.

IT IS SO ORDERED.

May 4, 2007

_____
Saundra Brown Armstrong
United States District Judge

5